| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Curtis Ray Ralphs** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | **Jennifer Christine Ralphs** | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF UTAH** | |
| Case number: | **19-21432** | |
| (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan                                                                                                       12/17

## Part 1:    Notices

**To Debtor(s):**   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |

## Part 2:    Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee as follows:**

**$550.00** per **Month** for **36** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐    Debtor(s) will make payments pursuant to a payroll deduction order.
☒    Debtor(s) will make payments directly to the trustee.
☐    Other (specify method of payment):

**2.3 Income tax refunds.**
  *Check one.*
☐    Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Curtis Ray Ralphs** | Case number | **19-21432** |
|---|---|---|---|
| | **Jennifer Christine Ralphs** | | |

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☒ Debtor(s) will treat income refunds as follows:

The following tax years are proposed to be contributed 2018, 2019 and 2020.  On or before April 30 of each applicable year, debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns.  Any required tax refund contributions shall be paid to the Trustee no later than June 30 of the year the applicable return is filed.

The Debtors are authorized to retain any Earned Income Credit and/or Additional Child Tax Credit as they are excluded from the disposable income analysis under 1325(b)(1) as being necessary for maintenance and support of the Debtors.

The Debtors shall contribute any refund attributable to over-withholding of income tax that exceeds $1,000.  However, debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority.  Tax refunds paid into the plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) or sixty (60) Plan Payments plus all annual tax refunds required to be paid into the plan.

For the first tax year contribution, 2018, the Trustee will determine if the section 1325(a)(4) best interest of creditors test has been satisfied and will provide to counsel for the Debtor(s) a calculation of the required pot amount.  If a pot to unsecured creditors is required, the Debtor(s) will have thirty (30) days from receipt of such calculation to file a motion to modify the plan to provide for the required return to unsecured creditors or to stipulate to an order modifying the plan, which order will be prepared by the Trustee.  The Debtor(s) must satisfy plan feasibility through either increased monthly plan payments or the turnover of a lump sum contribution of the current tax refund.  If a lump sum contribution is elected, the Trustee is not required to segregate such lump sum contribution and pay it immediately to unsecured creditors, but instead shall disburse such lump sum contribution in accordance with the Order of Distribution set forth in Local Rule 2083-2(e).  If the Debtor(s) fail to file a motion to modify, the Trustee will move to dismiss the Debtor(s)' case.  The Debtor shall contribute any refund attributable to over withholding of wages that exceeds $1,000.

**2.4 Additional payments.**
*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**   **The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $26,837.30.**

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1**   **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the

| Debtor | **Curtis Ray Ralphs**  **Jennifer Christine Ralphs** | | Case number | **19-21432** |
|---|---|---|---|---|

debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Utah Housing Corporation *** | 3702 South 1500 West Vernal, UT 84078  Uintah County | **$0.00** Disbursed by: ☐ Trustee ☒ Debtor(s) | Prepetition: **$163.00** | **0.00%** | **Pro rata** | **$163.00** |
| **Utah Housing Corporation *** | 3702 South 1500 West Vernal, UT 84078  Uintah County | **$1,429.00** Disbursed by: ☐ Trustee ☒ Debtor(s) | Prepetition: **$4,367.00** | **0.00%** | **Pro rata** | **$4,367.00** |

*Insert additional claims as needed.*

**3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☒    The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **America First Credit Union *** | **$29,000.00** | 2010 Dodge Ram 1500 Location: In Debtor's possession | **$11,000.00** | **$0.00** | **$11,000.00** | **4.75%** | **$375.00** | **$12,186.92** |
| **Castle Credit Corp.** | **$1,100.00** | **Kirby Vacuum** | **$100.00** | **$0.00** | **$100.00** | **4.75%** | **$10.00** | **$110.81** |
| **EZ Furniture** | **$910.00** | **Refrigerator** | **$910.00** | **$0.00** | **$910.00** | **4.75%** | **$50.00** | **$920.00** |

| Debtor | **Curtis Ray Ralphs** | Case number | **19-21432** |
|---|---|---|---|
| | **Jennifer Christine Ralphs** | | |

*Insert additional claims as needed.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☒    **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4    Lien avoidance.**

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**2,683.73**.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,705.00**.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐    **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☒    The debtor(s) estimate the total amount of other priority claims to be **$2,710.00**

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐    The sum of $          .
☐    ____ % of the total amount of these claims, an estimated payment of $_____.
☒    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

| Debtor | **Curtis Ray Ralphs** | Case number | **19-21432** |
|---|---|---|---|
| | **Jennifer Christine Ralphs** | | |

**5.3**   **Other separately classified nonpriority unsecured claims.** *Check one*.

☒    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

Part 6:   **Executory Contracts and Unexpired Leases**

**6.1**   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☒    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Part 7:   **Vesting of Property of the Estate**

**7.1**   **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☒  plan confirmation.
☐  entry of discharge.
☐  other: _____

Part 8:   **Nonstandard Plan Provisions**

**8.1**   **Check "None" or List Nonstandard Plan Provisions**
☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*
☒  **Non-Standard Plan Provisions are as follow:**

**1. LOCAL RULES:** The Local Rules of the U.S. Bankruptcy Court for the District of Utah are incorporated into this Plan by reference to Local Rule 2083-2(f)(7).

**2. APPLICABLE COMMITMENT PERIOD.** Reference is also made to section 2.1 above. Pursuant to §1325(b)(4), as calculated under Part II of Form 22C, the Applicable Commitment Period of this case is [**x**] 3 years or [ ] 5 years. Therefore, Plan payments shall be made for the following period:
    [**x**]    Not less than 36 months but extended as necessary for no more than 60 months to complete the required Trustee distributions under the Plan.
**This Is A Base Plan:** The Debtor(s) shall make monthly Plan payments for not less than the Applicable Commitment Period.

**3. ADEQUATE PROTECTION PAYMENTS. See U.S.C. §1326 and Local Rule 2083-1(d) and ¶3.2.**
    America First Credit Union            regarding Debtors' 2012 VW Passat
    EZ Furniture                regarding Debtors' Refrigerator
    Castle Credit Corporation            regarding Debtors' Kirby Vacuum

    NOTE:  See Attached **NOTICE FOR ADEQUATE PROTECTION PAYMENTS
        UNDER 11 U.S.C. § 1326 AND OPPORTUNITY TO OBJECT**

**5. THIRD PARTY PAYMENT OF CLAIMS. See Local Rule 2083-2(k)(1). None** in this case.

**6. ALLOWED TAX CLAIMS NOT OTHERWISE PROVIDED FOR UNDER THE PLAN PROVISIONS ABOVE WILL BE TREATED PER LOCAL RULE 2083-2(e).**
    A. Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full as part of Class 5 as set forth in Local Rule 2083-2(e), with interest at the rate set forth in the proof of claim or at 0% per annum if no interest rate is specified in the proof of claim. Interest will

| Debtor | **Curtis Ray Ralphs** | Case number | **19-21432** |
|---|---|---|---|
| | **Jennifer Christine Ralphs** | | |

run from the confirmation date.  For purposes of this paragraph, a taxing authority is defined as a governmental entity with statutory authority to levy or lien, through which the governmental entity obtains secured status.  This includes, but is not limited to, to the I.R.S. and any offices of the State of Utah, including the offices of any County in the State of Utah.

   B. Any Priority Tax Claim shall be treated as a Class 6 Claim as set forth in Local Rule 2083-2(e), with zero interest, and the principal amount of the Allowed Priority Claim shall be paid in full.

   C. Any general unsecured Tax Claim shall be treated as a Class 7 Claim.

**7. ATTORNEY FEES.**  Part 4.3 above of this Plan shall be read to conform with the U.S. Bankruptcy Court for the District of Utah Court's Presumptive Fee allowed to debtor's counsel.  Any Attorney fees sought by debtor's counsel, whether set forth in part 4.3 above or otherwise, shall be by compliance with the notice and hearing requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**8. LIEN AVOIDANCE.  See U.S.C. §522(f) and Local Rule 2083-2(j)**, both of which apply if Lien Avoidance is sought.  See Parts 1.2 and 3.4 of this Plan to determine if Lien Avoidance is sought under this Plan.

**9. EFFECT OF CONFIRMATION.  See 11 U.S.C. §521(a)(1).**  Any order confirming this Plan shall constitute a binding determination that the Debtor(s) has timely filed all of the information required by 11 U.S.C. §521(a)(1).

**10. EXPLANATION OF STEP PAYMENTS.  iF THERE ARE STEP PAYMENTS IN THIS CASE AS SET FORTH IN PART 2.1 ABOVE, THEY OCCUR BECAUSE OF THE FOLLOWING:**
**NONE** - no step payments apply in this case.

| Part 9: | **Signature(s):** |
|---|---|

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X  **/s/ David T. Berry**                                              Date  **March 20, 2019**
   **David T. Berry 4196**
   Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Curtis Ray Ralphs** | Case number | **19-21432** |
|---|---|---|---|
| | **Jennifer Christine Ralphs** | | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$4,530.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$13,217.73** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$9,098.73** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$0.00** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*   + | **$0.00** |
| | **Total of lines a through j** | **$26,846.46** |

| Debtor | **Curtis Ray Ralphs**<br>**Jennifer Christine Ralphs** | Case number | **19-21432** |
|---|---|---|---|

David T. Berry (4196)
J. Robert Tripp (15272)
BERRY & TRIPP P.C.
5296 So. Commerce Dr., Suite 200
Salt Lake City, UT  84107
Tel: (801) 265-0700
E-mail: slc@berrytripp.com

Attorneys for Debtor(s)

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### DISTRICT OF UTAH

| In re: | **Curtis Ray Ralphs**<br>**Jennifer Christine Ralphs,**<br>Debtor(s). | : : : : | Case No. 19-21432<br>Chapter 13<br><br>Judge Joel T. Marker |
|---|---|---|---|

### NOTICE FOR ADEQUATE PROTECTION PAYMENTS
### UNDER 11 U.S.C. § 1326 AND OPPORTUNITY TO OBJECT

The Debtor(s) state(s) as follows:

1.    Debtor(s) filed a Chapter 13 petition for relief on March 12, 2019.

2.    The Debtor proposes to make Adequate Protection Payments, pursuant to § 132(a)(1)C) accruing with the initial plan payment which is due no later than the originally scheduled meeting of creditors under § 341 and continuing to accrue on the first day of each month thereafter, to the holders of the allowed secured claim in the amounts specified below:

| Secured Creditor | Description of Collateral | Monthly Adequate Protection Payment Amount | Number of Months to Pay Adequate Protection |
|---|---|---|---|
| **America First Credit Union** | **2010 Dodge Ram** | **$50.00** | 6 |
| **EZ Furniture** | **Refrigerator** | **$25.00** | 6 |
| **Castle Credit Corporation** | **Kirby Vacuum** | **$10.00** | 6 |

3.    The monthly plan payments purposed by the Debtor(s) shall include the amount necessary to pay all Adequate Protection Payments and the amounts necessary to pay the Trustee's statutory fee.

| Debtor | **Curtis Ray Ralphs** | Case number | **19-21432** |
|---|---|---|---|
|  | **Jennifer Christine Ralphs** |  |  |

4. Upon completion of the Adequate Protection Payments period designated herein for each listed secured creditor, the Equal Monthly Plan Payment identified in each Part of the Plan shall be the monthly payment and shall accrue on the first day of each month.

5. This Notice shall govern Adequate Protection Payments to each listed secured creditor unless subsequent Notice is filed by Debtor or otherwise is ordered by the Court.

6. Objection if any, to the proposed Adequate Protection Payments shall be filed as objections to confirmation of the Plan. Objections must be filed and served no later than 7 days before the date set for the hearing on confirmation of the Plan.

Dated this 03.20.2019.

/s/David T. Berry_____
David T. Berry
J. Robert Tripp
BERRY & TRIPP
Attorneys for Debtors